United States District Court
Southern District of Texas
**ENTERED**
July 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | § § § | |
| v. | § § | CRIMINAL NO. 6:20-110 |
| ERNESTO MORALES, Defendant. | § § § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Ernesto Morales' Request for Compassionate Release (D.E. 49), to which the Government has responded in opposition (D.E. 59).

## I. BACKGROUND

Defendant pled guilty to conspiracy to possess with intent to distribute 4.09 kilograms of cocaine. He has served approximately 17 months (43%) of his 40-month sentence and has a projected release date, after good time credit, of August 29, 2024. He now moves the Court for compassionate release because his wife died of COVID-19 shortly after he was sentenced in January 2022, and his elderly mother needs his help to care for his two minor children and minor step-grandson. Defendant's administrative requests for compassionate release dated May 22, 2022, and August 20, 2022, were both denied by the warden.

## II. LEGAL STANDARD

The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances; at issue here is colloquially called "compassionate release." *See United States v. Shkambi*, 993 F.3d 388, 390–92 (5th Cir. 2021). A prisoner may move for compassionate release when "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). "[T]his statutory phrase requires a

1

prisoner to show he 'faces some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner' that leads 'irresistibly' to the conclusion that this prisoner has a 'singular' and 'remarkable' need for early release." *United States v. McMaryion*, 2023 WL 4118015, at *1 (5th Cir. June 22, 2023) (quoting *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023)).

If the district court finds that extraordinary and compelling reasons warrant a sentence reduction, "then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated defendants; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

### III. ANALYSIS

#### A. Extraordinary and Compelling Reasons

Defendant has offered evidence that his wife died on January 22, 2022. He moves the Court for compassionate release because he is the sole caretaker of his biological daughters and step-

grandson. The children are currently being cared for by Defendant's mother, but she "has health issues and is an elder, which places a bit of hardship and a burden on her." D.E. 49, p. 1.

Forthcoming amendments to the Sentencing Guidelines, effective November 1, 2023, provide that extraordinary and compelling circumstances may exist based on "[t]he death or incapacitation of the caregiver of the defendant's minor child . . . ." U.S.S.G. § 1B1.13(b)(3)(A). The Government argues that Defendant has failed to meet his burden under the Guidelines because he has failed to submit documentation that: (1) his mother is incapacitated and is no longer able to care for his children; (2) he is the only family member capable of caring for his children; (3) he is the parent/legal guardian to his step-grandson; or (4) he has the financial means to care for his children immediately upon his release. The Court agrees. Defendant's older daughter is no longer a minor, and his younger daughter is almost 17. He concedes in his motion that he does not have guardianship of his step-grandson, and his release plan states that he will not have employment upon release. The Court sympathizes with Defendant on the loss of his wife; however, on this record, the Court finds that he has failed to meet the criteria set forth in U.S.S.G. § 1B1.13(b)(3)(A), as amended, or to otherwise demonstrate that extraordinary and compelling reasons warrant compassionate release.

### B. 18 U.S.C. § 3553(a) Factors

The Government argues that Defendant would pose a danger to public safety if released and that the balance of the 18 U.S.C. § 3553(a) factors disfavors a sentence reduction. The Court agrees. Defendant was one of the highest-ranking members of the Latin Kings street gang in Alice, Texas, during the narcotics conspiracy. He was held accountable for 4.09 kilograms of cocaine at sentencing and received enhancements because a dangerous weapon was possessed and because he was a manager/supervisor and the criminal activity involved five or more participants or was

otherwise extensive. Based on the nature and circumstances of the offense of conviction and the danger posed to the community, the Court finds that releasing Defendant when he has served less than half of his sentence would be inconsistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from his further crimes.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that extraordinary and compelling reasons do not warrant compassionate release and that release would be inconsistent with 18 U.S.C. § 3553(a). Defendant's Request for Compassionate Release (D.E. 49) is therefore **DENIED**.

It is so **ORDERED** this 5th day of July, 2023.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE